UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEVERLY OSBORNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:11CV2122 TIA |
| COVENTRY HEALTH CARE, INC., et al., | ) ) ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Beverly Osborne's Complaint, originally filed in the Circuit Court of St. Louis County, Missouri and removed by Defendant Coventry Health Care, Inc. ("Coventry") under 28 U.S.C. § 1441. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiff originally filed a Complaint in the Circuit Court of St. Louis County, Missouri alleging multiple state law causes of action against Defendants, including breach of contract, breach of fiduciary duty, promissory estoppel, declaratory judgment, and fraud. Defendant Coventry removed the case to federal court on December 7, 2011, asserting that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA"). Coventry further contended that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff has asserted a federal claim.

On January 6, 2012, Coventry filed a motion to dismiss, arguing that Plaintiff's state law claims are preempted by ERISA and must be dismissed for failure to state a claim upon which relief can be granted. Defendant St. Anthony's Medical Center ("St. Anthony's") filed its motion to dismiss on January 27, 2012. On February 8, 2012, Plaintiff filed a memorandum in opposition to Coventry's

motion to dismiss, asserting, in part, that the Court should allow Plaintiff to amend her complaint to include a claim under ERISA.  In Coventry's reply brief, it states that it has no opposition to Plaintiff's request for leave to file an amended complaint.  However, Coventry reserves the right to oppose Plaintiff's ERISA-based claims.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with written consent of the opposing party or with leave of court, which the court should freely give when justice requires.  Although Plaintiff does not have the written consent of all parties, the undersigned finds that justice requires that Plaintiff be allowed to amend her complaint to include an ERISA claim.  Further, because Plaintiff will file an amended complaint containing new claims, the undersigned finds that the pending motions to dismiss should be denied as moot.  After Plaintiff files her first amended complaint, the Defendants are free to renew and supplement their motions to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to file an amended complaint is **GRANTED.**  Plaintiff shall file her first amended complaint no later than February 29, 2012.

**IT IS FURTHER ORDERED** that the motions to dismiss filed by Defendants Coventry [Doc. #13] and St. Anthony's [Doc. #21] are **DENIED** as **MOOT.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of February, 2012.